**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
GINA M. FANELLI,

              Plaintiff,

      -against-

THE STATE OF NEW YORK, JAMES GILMORE,
PETER A. SCULLY, and JOHN and JANE DOE
(said names being fictitious, the persons intended
being those who aided and abetted the unlawful
conduct of the named Defendants),

              Defendants.
-------------------------------------------------------------X

**MEMORANDUM OF
DECISION AND ORDER**
13-CV-06627 (ADS) (WDW)

**APPEARANCES:**

**Maduegbuna Cooper LLP**
*Attorneys for the Plaintiff*
30 Wall Street, 8th Floor
New York, NY 10005
   By:  Samuel O. Maduegbuna, Esq.
         William W. Cowles, II, Esq., Of Counsel

**New York State Attorney General's Office**
*Attorneys for the Defendants*
200 Old Country Road, Suite 460
Mineola, NY 11501
   By:  Toni E. Logue, Assistant Attorney General, Of Counsel

**SPATT, District Judge.**

On November 27, 2013, the Plaintiff Gina M. Fanelli (the "Plaintiff") commenced this action against the Defendants the State of New York (the "State"); James Gilmore ("Gilmore"); Peter A. Scully ("Scully"); and John and Jane Doe, said names fictitious, the persons intended being those who aided and abetted the alleged unlawful conduct of the named Defendants (collectively, the "Defendants"). In this regard, the Plaintiff asserts four causes of action against the Defendants, which are as follows: (1) gender-based discrimination in violation of Title VII of

1

the Civil Rights Act of 1964, 42 U.S.C. § 200-e, et seq. ("Title VII"); (2) gender-based discrimination in violation of the New York State Human Rights Law, New York State Executive Law § 296, et seq. (the "NYHRL"); (3) retaliation in violation of Title VII; and (4) retaliation in violation of the NYHRL.

Presently before the Court is a motion by the Defendants to partially dismiss the Complaint pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, the Court denies in part and grants in part the Defendants' motion.

## I. BACKGROUND

Unless otherwise stated, the following facts are drawn from the Complaint and the Plaintiff's administrative charge of discrimination and are construed in a light most favorable to the Plaintiff.

For more than eight years, the Plaintiff has been an employee of the Defendant State. She was first hired by the State as a "Marine Biologist 1 Trainee" on April 24, 2005, and was assigned to the Region 1 Office of the New York State Department of Environmental Conservation (the "DEC"), located in Stony Brook, New York. The Plaintiff's supervisor was the Defendant Scully, who was the Regional Director for the Region 1 Office.

On April 26, 2006, upon her successful completion of a twenty-four-month mandatory traineeship for the position of Marine Biologist 1 Trainee, the Plaintiff became a "Marine Biologist Trainee 2." The Complaint provides no clarification as to how the Plaintiff was able to complete a two-year traineeship when she was only hired for the position of Marine Biologist 1 Trainee one year prior to her promotion to the position of Marine Biologist Trainee 2. In any event, according to the Plaintiff, she then became a "Marine Biologist 1" the following year, on

April 22, 2007.  Through April of 2009, the Plaintiff continued to work as a Marine Biologist 1 at the Region 1 Office under Scully's supervision.

On April 25, 2009, Scully transferred the Plaintiff from the Region 1 Office to the Shellfish Growing Area Classification Unit of the DEC's Bureau of Marine Resources (the "BMR").  According to the Plaintiff, this "transfer was contrary to the policies and procedures of the State and [the] DEC, in that Scully failed to give the Plaintiff an opportunity to challenge the transfer."  (Compl. at ¶ 30.)  Further, the Plaintiff alleges that between April of 2005 and April of 2009, while acting as the Plaintiff's supervisor, Scully "harbored discriminatory animus towards [the] Plaintiff on account of her sex."  (Id. at ¶ 28.)  Also during this period, Scully allegedly "unjustifiably described [the] Plaintiff as adversarial, confrontational, combative, and not a team player" on several occasions "on account of [the] Plaintiff's sex."  (Id. at ¶ 28.)

After the Plaintiff was transferred to the BMR, the Defendant Gilmore became her supervisor.  The Plaintiff claims that Gilmore "had a history of discriminating against employees within [the] BMR on the basis of sex, age, race, color and national origin, and for retaliating against employees for complaining about such unlawful discrimination."  (Id. at ¶ 32.)

On December 17, 2010, based on her score on a Civil Service examination, the Plaintiff applied for a promotion to the position of "Marine Biologist 2," and on December 28, 2010, she interviewed for the position.  Relevant here, according to the Plaintiff, the DEC maintained a policy where "a member of a protected class, such as a woman, would be hired for a position she applied for if, based on her score on the Civil Service examination, she ranks among the top three candidates for the position."  (Id. at ¶ 34.)  However, allegedly, Gilmore "passed over" the Plaintiff for the position, which was given instead to a male employee, John Maniscalco, Jr. ("Maniscalco"), even though he received the same score as the Plaintiff on the Civil Service

examination.  (Id. at ¶ 35.)  Of note, Maniscalo was a former student of Gilmore at SUNY Stony Brook, School of Marine and Atmospheric Sciences ("SOMAS"), where Gilmore also works as an adjunct professor.

The Plaintiff claims that although she was more qualified and more experienced than Maniscalco, Gilmore decided not to promote her based on her gender.  In this regard, the Plaintiff points out that Maniscalco became a "Marine Biologist 1" on October 27, 2008, a year and a half after she attained that title.  As such, under Civil Service rules, the Plaintiff would be considered more experienced than Maniscalco.  The Plaintiff further alleges that Gilmore passed over two other women who were more qualified and experienced than Maniscalco.

About one month later, on January 20, 2011, the Plaintiff applied to be promoted to the position of "Ecology Biologist 2" at the Region 1 Office of the DEC, where Plaintiff had previously worked prior to her transfer to the BMR.  The Plaintiff was one of four candidates considered for the position.  She was the only female candidate.  The Plaintiff and a male candidate, Jason Smith, scored a seventy-five on the Civil Service examination, ranking them behind another male candidate, Mathew Richards, who scored an eighty, and ranking them ahead of Andrew Walker ("Walker"), who scored a seventy.  Walker was ultimately awarded the Ecology Biologist 2 position, even though, according to the Plaintiff, Walker (1) was less senior than the Plaintiff and (2) did not have the same level of familiarity as the Plaintiff with respect to the Ecology Biologist 2's work location.  Specifically, the Plaintiff emphasizes that she had previously worked for six years at the Region 1 Office, whereas Walker worked his entire career at the DEC's office in Long Island City, New York.

On August 22, 2011, the Plaintiff filed a charge of gender discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the New York State Division

of Human Rights ("NYSDHR") pursuant to Title VII (the "EEOC charge"). In the EEOC charge, the Plaintiff described the particulars of the discrimination as follows:

> I have been employed with [the] Respondent [DEC] since April 24, 2005 as a Marine Biologist 1 Trainee. I have always had a good performance record and never been subjected to any disciplinary action. I applied for a promotion on 12/17/2010 as a Marine Biologist 2 and not hired for the position. The position was given to a male named (John Maniscalco), who had less seniority and the same score as myself.
>
> I applied for another promotion for Ecology 2 Biologist on January 20, 2011. I was not hired for this position, which is a promotion because it was given to a male named Andrew Walker who had less seniority and a lower score on the examination and less experience, since I previously worked in the same office.
>
> Respondent has a policy that protected class candidates shall be hired for the position, if they are in the top three candidates for the job according to the Civil [S]ervice list. In the first case, three women (including myself) were passed over. In the second, I was one of four candidates for the position, and second highest as far as score. I worked in that office for four years.

(Def. Mem. at Exh. A.)

The Plaintiff alleges that as a result of her filing the EEOC charge, Gilmore retaliated against her by (1) unjustifiably investigating her for wrongdoing and attempting to discipline her; (2) improperly denying her request for an Alternative Work Schedule; (3) improperly denying her grievance regarding the Alternative Work Schedule; and (4) barring and harassing her from attending Marine Resources Advisory Council meetings.

On August 29, 2013, the EEOC issued to the Plaintiff a Right to Sue Notice, which the Plaintiff received on September 4, 2013. Less than three months later, on November 27, 2013, the Plaintiff commenced this action.

# II. DISCUSSION

## A. The Standards of Review for a Motion to Dismiss

### 1. Fed. R. Civ. P. 12(b)(1)

The standard for reviewing a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(1) is essentially identical to the Fed. R. Civ. P. 12(b)(6) standard, discussed below, except that "[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In adjudicating a motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), the court may consider matters outside the pleadings. Id.

"A case is properly dismissed for lack of subject matter jurisdiction under [Fed. R. Civ. P.] 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Id. In this regard, "[a] federal court lacks subject matter jurisdiction over an action unless the action presents an actual case or controversy." Milton v. Rosicki, Rosicki & Associates, P.C., No. 02 CV 3052(NG), 2007 WL 2262893, at *2 (E.D.N.Y. Aug. 3, 2007) (citing S. Jackson & Son, Inc. v. Coffee Sugar & Cocoa Exch., Inc., 24 F.3d 427, 431 (2d Cir. 1994)). Accordingly, "when parties lack a legally cognizable interest in the outcome of a case, a claim becomes moot for lack of subject matter jurisdiction. A legally cognizable interest requires that a plaintiff have a "personal stake" in the litigation." Id. (citations and internal quotation marks and alterations omitted).

### 2. Rule 12(b)(6)

It is well-established that a complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929

(2007).  Indeed, the issue on a motion to dismiss is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Todd v. Exxon Corp., 275 F.3d 191, 198 (2d Cir. 2001) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)).  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

In deciding a motion to dismiss, this Court is required to accept the material facts alleged in the complaint as true and draw all reasonable inferences in the Plaintiff's favor.  Iqbal, 556 U.S. at 687; Zinermon v. Burch, 494 U.S. 113, 118, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990); In re NYSE Specialists Secs. Litig., 503 F.3d 89, 91 (2d Cir. 2007).  As such, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief."  Iqbal, 556 U.S. at 679.  However, "although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'"  Harris, 572 F.3d at 72 (quoting Iqbal, 556 U.S. at 678).  In its analysis, this Court may refer to "documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents in plaintiff's possession or of which plaintiffs had knowledge and relied on in bringing suit."  Brass v. Am. Film Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993); see also Karmilowicz v. Hartford Fin. Servs. Group, No. 11-3284-cv, 2012 U.S. App. LEXIS 18394, at *5–6 (2d Cir. Aug. 30, 2012).

**B. As to Whether the Court Has Subject Matter Jurisdiction Over the Action**

"A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." Pressley v. City of New York, 2013 WL 145747, at *4–5 (E.D.N.Y. Jan. 14, 2013) (citing Magee v. Nassau Cnty. Med. Ctr., 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998) (in turn, citing Rhulen Agency, Inc. v. Ala. Ins. Guar. Ass'n, 896 F.2d 674, 678 (2d Cir. 1990))). Thus, the Court will first consider whether it has subject matter jurisdiction over this action before considering whether the Plaintiff has stated a claim.

Here, the Defendants argue that the Plaintiff's failure to exhaust her administrative remedies deprives this Court of subject matter jurisdiction. However, as the Second Circuit held in Francis v. City of New York, 235 F.3d 763 (2d Cir. 2000), the exhaustion of administrative remedies "is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement." Id. at 768 (quoting Gibson v. West, 201 F.3d 990, 994 (7th Cir. 2000)). A district court's subject matter jurisdiction does not depend on the exhaustion of administrative remedies, which is "subject to waiver, estoppel, and equitable tolling." Id. at 767 (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393, 102 S. Ct. 1127, 71 L. Ed. 2d 234 (1982)). Thus, the Defendants' exhaustion argument is incorrectly characterized as a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and, instead should be characterized as a Fed. R. Civ. P. 12(b)(6) motion to dismiss. Accordingly, the Court will now proceed to consider this argument in the Fed. R. Civ. P. 12(b)(6) context.

**C. As to Whether the Plaintiff's Title VII Claims Satisfy All Procedural Requirements**

At the outset, the Court notes that with regard to the Plaintiff's Title VII claims, only the State may be held potentially liable, because individual defendants may not be held personally

liable for alleged violations of this statute.  See, e.g., Patterson v. County of Oneida, N.Y., 375

F.3d 206, 226 (2d Cir.2004) ("[W]e note that individuals are not subject to liability under Title

VII.") (citations and internal quotation marks omitted).  Therefore, the Court dismisses the

Plaintiff's Title VII claims against the individual Defendants Scully and Gilmore, as well as the

"John Doe" and "Jane Doe" Defendants.  See Perry v. State of New York Dep't of Labor, 02

CIV. 7566 (LBS), 2003 WL 22327887, at *1 (S.D.N.Y. Oct. 10, 2003) (noting that the Second

Circuit "has unambiguously denied" holding individual supervisors personally liable as

employers for discriminatory conduct under Title VII and therefore dismissing the Plaintiff's

Title VII claims brought against the individual defendants); see also Schiano v. Quality Payroll

Sys., 445 F.3d 597, 608, n.8 (2d Cir. 2006) ("[A]n individual defendant cannot be held

personally liable under Title VII."); Tomka v. Seiler Corp., 66 F.3d 1295, 1313–14 (2d Cir.

1995), abrogated on other grounds by Burlington Indus. v. Ellerth, 524 U.S. 742, 118 S. Ct. 2257,

141 L. Ed. 2d 633 (1998) ("[I]ndividual defendants with supervisory control over a plaintiff may

not be held personally liable under Title VII.")

　　　　In this case, with respect to the Plaintiff's Title VII claims, the Defendants contend that

any allegations of gender discrimination that occurred prior to the statute of limitations period

should be barred as untimely.  Before filing a Title VII claim in federal court, a plaintiff must

first exhaust all administrative remedies.  Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 83 (2d

Cir. 2001) ("Exhaustion of remedies is a precondition to [a] suit" under Title VII) (citing Francis

v. City of New York, 235 F.3d at 768).  Pursuant to Title VII, "an aggrieved employee [must]

file a charge with the EEOC within 180 days of the alleged discriminatory act, or file a charge

with an equivalent state or city agency, such as the [NYSDHR], within 300 days of the alleged

discriminatory act."  Baird v. Kingsboro Psychiatric Ctr., 11-CV-159 NGG LB, 2013 WL

5774288, at *8 (E.D.N.Y. Oct. 24, 2013) (citing 42 U.S.C. § 2000e–5(e)(1)). In this case, because the Plaintiff filed her EEOC charge with both the EEOC and the NYSDHR, the applicable statute of limitations period to file her EEOC charge was 300 days from the alleged occurrence of the unlawful employment practice. 42 U.S.C. § 2000-5(e)(1); see also McGullam v. Cedar Graphics, Inc., 609 F.3d 70, 75 (2d Cir. 2010); Harris v. City of New York, 186 F.3d 243, 247 n.2 (2d Cir.1999).

Failure to timely file a charge with the EEOC renders a Title VII claim time-barred, thereby preventing a claimant from bringing her claim in federal court. Elmenayer v. ABF Freight Sys., Inc., 318 F.3d 130, 133–34 (2d Cir. 2003). The exhaustion requirement applies not only to causes of action but also to underlying factual allegations. See Deravin v. Kerik, 335 F.3d 195, 201 (2d Cir. 2003); McGuire v. U.S. Postal Serv., 749 F. Supp. 1275, 1287 (S.D.N.Y. 1990) (noting that the exhaustion requirement applies to "acts of discrimination")

The continuing violation doctrine is an exception to Title VII's statute of limitations. Patterson v. Cnty. of Oneida, 375 F.3d 206, 220 (2d Cir. 2004). Pursuant to this exception, "if a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that policy will be timely even if they would be untimely standing alone." Id. (quoting Lambert v. Genesee Hospital, 10 F.3d 46, 53 (2d Cir.1993), cert. denied, 511 U.S. 1052, 114 S. Ct. 1612, 128 L. Ed. 2d 339 (1994)). Thus, in other words, this exception applies "for claims that the discriminatory acts were part of a continuing policy and practice of prohibited discrimination," Valtchev v. City of New York, 400 F. App'x. 586, 588 (2d Cir. 2010), so long as "one act of discrimination in furtherance of the ongoing policy occurred within the limitations period." Patterson, 375 F.3d at 220. On the other hand, discrete acts do not fall within the exception and

"each discrete act starts a new clock for filing charges alleging that act." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113–15, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002).

However, although not independently actionable, acts that occur outside the limitations period may nevertheless be used "as background evidence in support of a timely claim." Morgan, 536 U.S. at 113. Thus, "evidence of an earlier alleged [discriminatory or] retaliatory act may constitute relevant background evidence in support of [a] timely claim . . . [and] may be considered to assess liability on the timely alleged act." Jute v. Hamilton Sundstrand Corp., 420 F.3d 166, 176–77 (2d Cir. 2005) (internal quotation marks and citation omitted).

Here, the Plaintiff filed her EEOC charge on August 22, 2011. Accordingly, any Title VII claims regarding discrete discriminatory acts that occurred more than 300 days prior to August 22, 2011—that is, before October 26, 2010—are time-barred. This includes the Plaintiff's allegation that her April 25, 2009 transfer to the BMR by Scully "was contrary to the transfer policies and procedures of the State and DEC," because it is well-established that transfers are discrete acts that do not constitute a continuing violation for statute of limitations purposes. See, e.g., Walia v. Napolitano, No. 11–CV–2512 (ADS)(WDW), 2013 WL 6231175, at *6 (E.D.N.Y. Dec. 2, 2013) (finding that undesirable work transfers are discrete acts that cannot be considered as part of an ongoing pattern or policy of discrimination); Benjamin v. Brookhaven Science Associates, LLC, 387 F. Supp. 2d 146, 153 (E.D.N.Y. 2005) ("It is well-settled that alleged adverse employment practices such as . . . undesirable work transfers . . . are considered discrete acts); Crosland v. City of New York, 140 F. Supp. 2d 300, 308 (S.D.N.Y. 2001) ("It is well settled law that transfers [and] demotions . . . are all discrete acts which do not constitute a continuing violation."). The Plaintiff's allegations that between April of 2005 and April of 2009

Scully "harbored discriminatory <u>animus</u> toward Plaintiff on account of her sex" also falls outside of the statute of limitations period.  (Compl. at ¶¶ 27–30.)

Although any allegations regarding discriminatory acts that occurred prior to October 26, 2010 are untimely and cannot form the basis for any current Title VII causes of action, those allegations may nevertheless be considered as background evidence.  See <u>Magadia v. Napolitano</u>, 06 CIV. 14386(CM), 2009 WL 510739, at *11 (S.D.N.Y. Feb. 26, 2009) (quoting <u>Morgan</u>, 536 U.S. at 113) ("[T]he statute of limitations is not an evidentiary bar; 'an employee [may use] the prior acts as background evidence in support of a timely claim.'").  The Plaintiff's lawsuit is based on the Defendants' alleged failure to promote her because of her gender in December of 2010 and January of 2011 and subsequent retaliation.  These events occurred within the 300-day statute of limitations periods for the Plaintiff's Title VII claims.  Thus, it is appropriate for the Court to consider background evidence to the extent that it may be relevant to her timely Title VII claims.

As such, the Court grants the Defendants' motion to dismiss those portions of the Plaintiff's Title VII claims that rely on allegations concerning acts that occurred outside the 300-day statute of limitations period, but notes that these allegations may be considered as background evidence in support of the timely grounds underlying the Plaintiff's Title VII claim. <u>James v. Countrywide Fin. Corp.,</u> 849 F. Supp. 2d 296, 308 (E.D.N.Y. 2012) (allowing the use of discrete acts outside limitations period as background evidence in support of a timely claim); <u>Taylor v. Seamen's Soc. For Children,</u> No. 12 Civ. 3173(PAE), 2013 WL 6633166, at *9 (S.D.N.Y. Dec. 17, 2013) (stating that although time barred acts were not independently actionable, a fact finder could consider these acts as background evidence of timely claims); <u>Flynn v. New York State Div. of Parole,</u> 620 F.Supp.2d 463, 483 (S.D.N.Y. 2009).

In the alternative, the Defendants contend that the same allegations are barred because the Plaintiff failed to make those allegations in her EEOC complaint. "An allegation not set forth in an administrative charge will be barred as unexhausted unless it is reasonably related to allegations in the charge." Hoffman v. Williamsville School Dist., 443 F. App'x. 647, 649 (2d Cir. 2011) (citing Williams v. New York City Hous. Auth., 458 F.3d 67, 70 (2d Cir. 2006)); see also Butts v. City of New York Dep't of Hous. Pres. & Dev., 990 F.2d 1397, 1401 (2d Cir. 1993) (superseded on other grounds).

The Second Circuit has provided the following guidance to determine whether a claim not asserted in an EEOC charge is reasonably related to a claim that is raised in the charge:

> [A] claim is considered reasonably related if the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge that was made. In this inquiry, the focus should be on the factual allegations made in the EEOC charge itself, describing the discriminatory conduct about which a plaintiff is grieving. The central question is whether the complaint filed with the EEOC gave that agency adequate notice to investigate discrimination on both bases.

Williams, 458 F.3d at 70 (citations and internal alterations and quotation marks omitted).

Further, the Second Circuit has determined three situations in which a claim may be found to be reasonably related:

> 1) where "the conduct complained of would fall within the 'scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination'"; 2) where the complaint is "one alleging retaliation by an employer against an employee for filing an EEOC charge"; and 3) where the complaint "alleges further incidents of discrimination carried out in precisely the same manner alleged in the EEOC charge."

Terry v. Ashcroft, 336 F.3d 128, 151 (2d Cir. 2003) (quoting Butts, 90 F.2d at 1402–03).

As this Court has already established, the allegations of discrimination occurring before October 26, 2010 are untimely and can only serve as background evidence to support the

Plaintiff's Title VII claims. However, the Court notes that even if these allegations were not time-barred, they nevertheless could not form the basis for the Plaintiff's Title VII claims because the Plaintiff never raised any pre-October 26, 2010 claims in her EEOC charge, and thus, she failed to exhaust her administrative remedies. In this regard, the Plaintiff claims that Scully (1) harbored discriminatory animus towards her between April of 2005 and April of 2009 and (2) transferred the Plaintiff to the BMR in April of 2009 without allowing her "an opportunity to challenge the transfer." (Compl. at ¶ 30.) These claims are neither included in the Plaintiff's EEOC charge nor are they reasonably related to the claims included in the EEOC charge.

Indeed, in her EEOC charge, the Plaintiff only asserts that she was denied two separate promotions because of her sex—first in December of 2010, and then in January of 2011—and that the promotions were instead awarded to male candidates who had less seniority and/or a lower score than the Plaintiff. These narrow and discrete allegations were insufficient to give the EEOC or NYSDHR notice to investigate the Plaintiff's claims concerning her April of 2009 transfer to the BMR or of Scully's alleged discriminatory animus towards her from April of 2005 through April of 2009. See, e.g., Alungbe v. Board of Trustees of Connecticut State Univ. (CSU) Sys., 283 F. Supp. 2d 674, 682 (D. Conn. 2003); Lumhoo v. Home Depot USA, Inc., 299 F. Supp. 2d 121, 135–36 (E.D.N.Y. 2002).

Nevertheless, as in the context of the statute of limitations analysis, while "[a]n uncharged discriminatory act cannot itself be the basis for Title VII claim, as the plaintiff would have failed to exhaust her administrative remedies[,] [ ] it can serve as support for a separate, charged discriminatory act that forms the basis of a Title VII claim." Walker v. New York City Dep't of Corr., 01 CIV. 1116 (LMM), 2008 WL 4974425, at *17 (S.D.N.Y. Nov. 19, 2008) (citing AMTRAK v. Morgan, 536 U.S. 101, 113, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002)).

"In other words, events that are themselves incapable of sustaining a discrimination claim can serve as evidence in support of another, valid claim." Id. (quoting Henry v. Wyeth Pharmaceuticals, Inc., No. 05 Civ. 8106(WCC), 2007 WL 4526525, at *4 n.4 (S.D.N.Y. Dec. 19, 2007).

Thus, the Plaintiff's Title VII claims stemming from the Defendants' failure to promote her in late 2010 and early 2011 may proceed, but any factual allegations involving conduct from 2005 through 2009 may only be used as background evidence. See Alungbe, 283 F. Supp. 2d at 683 ("Although many of these facts involve events before October 6, 1999 [that were not reasonably related to the EEOC charge], so they cannot be used as the basis for actual claims, they may be relevant background material or to explain the conduct of the defendants.").

## D. As to Whether the Plaintiff Has Stated a Valid Title VII Claim Based on a Theory of Gender Discrimination

As an initial matter, the Court notes that the same standard is used when analyzing Title VII and NYSHRL claims. Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007); Mandell v. Cnty. of Suffolk, 316 F.3d 368, 377 (2d Cir. 2003). In relevant part, Title VII prohibits an employer from "discriminat[ing] against any individual with respect to the . . . terms, conditions, or privileges of employment, because of such individual's . . . sex . . ." 42 U.S.C. § 2000e-2(a)(1).

When analyzing Title VII claims, courts generally look to the Supreme Court's ruling in McDonnell Douglas, where the Supreme Court set forth the elements that a plaintiff must prove in order to establish a prima facie case at the summary judgment stage. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). In order for a plaintiff to establish a prima facie case of gender discrimination, the plaintiff must establish that (1) she was within a protected class; (2) she was qualified for the position; (3) she was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an

inference of discrimination.  Id.; Leibowitz v. Cornell Univ., 584 F.3d 487, 498 (2d Cir. 2009).

With regard to the fourth prong of this test, the Second Circuit has held that an inference of

discrimination may be drawn either from (1) direct evidence of discriminatory intent, or (2) a

showing by the Plaintiff that "she was subject to disparate treatment . . . [compared to persons]

similarly situated . . . [to herself]."  Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000)

(internal quotations and citations omitted).

However, the survival of a complaint in an employment discrimination case "does not

rest on whether it contains specific facts establishing a prima facie case under McDonnell

Douglas."  Lax v. 29 Woodmere Blvd. Owners, Inc., 812 F. Supp. 2d 228, 236 (E.D.N.Y. 2011).

This is because, at the pleading stage, the Court does not apply the McDonnell Douglas burden

shifting test to analyze the evidentiary support for the discrimination claims.  See Gonzalez v.

Carestream Health, Inc., No. 12–4202–cv, 2013 WL 1296492, at *1 (2d.Cir. Apr. 2, 2013) ("To

survive a motion to dismiss, a complaint alleging workplace discrimination . . . need not allege

specific facts establishing a prima facie case under McDonnell Douglas . . .."); Rosario v. City of

New York, No. 11–CV 09008 (PAC)(SN), 2013 WL 782408, at *6 (S.D.N.Y. Jan. 9, 2013),

adopted by 2013 WL 7258, at *2 (S.D.N.Y. Mar. 1, 2013) ("An 'employment discrimination

plaintiff need not plead a prima facie case of discrimination [under McDonnell Douglas Corp. v.

Green.'" (quoting Bermudez v. City of New York, 783 F. Supp. 2d 560, 575 (S.D.N.Y. 2011) (in

turn, quoting Swierkiewicz v. Sorema N.A., 534 U.S. 506, 515, 122 S. Ct. 992, 152 L. Ed.2d 1

(2002))).  Indeed, "[t]o measure a plaintiff's complaint against a particular formulation of the

prima facie case at the pleading stage [would be] inappropriate," because "the prima facie case

operates as a flexible evidentiary standard" that "should not be transposed into a rigid pleading

standard for discrimination cases."  Swierkiewicz, 534 U.S. at 507.

Rather, "[this Court] consider[s] only whether the complaint includes factual allegations sufficient 'to raise a right to relief above the speculative level.'" Gonzalez v. Carestream Health, Inc., 2013 WL 1296492, at *1 (quoting Twombly, 550 U.S. at 555); see also Boykin v. KeyCorp, 521 F.3d 202, 212–13 (2d Cir. 2008). In other words, "the Court asks only whether a plaintiff has pled a prima facie case, not whether a plaintiff has established that case. Thus, the standard is simply whether [the] plaintiff's complaint, construed liberally, satisfies the federal pleading requirements for a claim" of discrimination. Hitchens v. NYC Dept. of Educ., No. 11–CV–4180 (RRM)(RML), 2013 WL 1290981, at *3 (E.D.N.Y. Mar. 28, 2013); see also Swierkiewicz, 534 U.S. at 508 (quoting Fed. R. Civ. P. 8(a)(2)) (finding that on a motion to dismiss, a complaint alleging employment discrimination need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Kassner, 496 F.3d at 238 ("Plaintiffs need only comply with Rule 8(a)(2) by providing a short and plain statement of the claim that shows that plaintiffs are entitled to relief and that gives the defendants fair notice of plaintiffs' claims of age discrimination and the grounds upon which those claims rest.").

Nevertheless, while a plaintiff need not allege specific facts establishing all the elements of a prima facie case under McDonnell Douglas, these elements can still "provide [a helpful] outline of what is necessary to render [a plaintiff's] claims for relief plausible." Sommersett v. City of New York, No. 09 Civ. 5916(LTS)(KNF), 2011 WL 2565301, at *5 (S.D.N.Y. June 28, 2011).

In this case, according to the Defendants, the Plaintiff "has failed to allege a plausible claim pursuant to Title VII[,]" because the Plaintiff "has shown no evidence other than speculation that her sex was a motivating factor in the decision not to promote her to the

positions for which she had taken civil service exams." (Def. Mem. at 9–10.) This Court disagrees.

In this regard, in her Complaint, the Plaintiff alleges that based on her gender, she is a member of a protected class under Title VII. She further alleges that she was qualified for both the Marine Biologist 2 and Ecology Biologist 2 positions for which she applied and claims that she was not promoted to either position because of her gender. In this regard, she points out that the two promotions were given to two male candidates both of whom had less seniority and experience than her.

With respect to the first position of Marine Biologist 2, the Defendants allegedly passed over two other women who were more qualified than the male candidate who received the promotion. As to the second position of Ecology Biologist 2, the Plaintiff claims she was the only female ranked in the top three candidates for the position but the position was given to a male candidate whom she outperformed on the Civil Service examination. Moreover, of relevance here, the Plaintiff was apparently passed over for this position despite the fact that the DEC maintains a policy whereby a person in a protected class will be hired for a position she applies for if, based on her Civil Service examination score, she ranks among the top three candidates for that position.

In the Court's view, based on these allegations, the Plaintiff has pleaded with particularity that she was not given the promotions because of her gender. Indeed, based on these allegations, it is plausible that due to her sex, the Plaintiff was treated less favorably than her similarly-situated male counterparts. Thus, all of these allegations are sufficient to give the Defendants fair notice of the Plaintiff's claims and the Defendants' motion to dismiss the Title VII discrimination claim is denied. Meyer v. New York Office of Mental Health, No.

12−CV−6202 (PKC), 2014 WL 1767818, at *5 (E.D.N.Y. May 2, 2014) (holding that allegations that female Plaintiff was qualified for position but was treated less favorably than other employees because of her gender was sufficient to survive motion to dismiss).

**E. As to the Plaintiff's NYSHRL Claims**

The Plaintiff also asserts claims against the Defendants pursuant to the NYSHRL based on the same allegations that underlie her Title VII claims. However, it is well settled that "the Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in federal court." Raygor v. Regents of the Univ. of Minn., 534 U.S. 533, 540–41, 122 S. Ct. 999, 152 L. Ed. 2d 27 (2002) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 120, 104 S. Ct. 900, 918, 79 L. Ed. 2d 67 (1984)). The Eleventh Amendment is an "'explicit limitation on federal jurisdiction.'" Id.

As a consequence, for this Court to have the power to adjudicate the Plaintiff's NYSHRL law claim against the State, either an express waiver by the State or a congressional abrogation of the Eleventh Amendment must exist. Coll. Sav. Bank v. Fla. Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 666, 670, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999). This Court finds neither. Indeed, supplemental jurisdiction under 28 U.S.C. § 1367(a) does not constitute a congressional abrogation of the Eleventh Amendment granting district courts the power to adjudicate pendent state law claims, Raygor, 534 U.S. at 540–41, and district courts in the Second Circuit have consistently found that the NYSHRL does not include a waiver of the State's sovereign immunity to suit in federal court. See Nunez v. Cuomo, 11-CV-3457 DLI LB, 2012 WL 3241260, at *20 (E.D.N.Y. Aug. 7, 2012); Sank v. City Univ. of New York, 10 CIV. 4975, 2011 WL 5120668, at *5 (S.D.N.Y. Oct. 28, 2011); Lambert v. New York State Office of Mental Health, 97–CV–1347 (JG), 2000 WL 574193, at *7 (E.D.N.Y. Apr. 24, 2000).

For this reason, the Plaintiff's NYSHRL as against the Defendant State must be dismissed as barred by the Eleventh Amendment and principles of sovereign immunity. Moreover, "[t]o the extent [the Plaintiff's] claims pursuant to the NYSHRL . . . seek money damages against the individual [D]efendants who are sued in their official capacities, they are [also] dismissed," since Eleventh Amendment "sovereign immunity extends to 'arms of the state,' such as . . . its officials sued in their official capacities for money damages." Morgan v. NYS Atty. Gen.'s Office, 11 CIV. 9389 PKC JLC, 2013 WL 491525, at *11 (S.D.N.Y. Feb. 8, 2013); see also Garcia v. S.U.N.Y. Health Sciences Ctr. Of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) ("Insofar as [the plaintiff] is suing the individual defendants [who are SUNY administrators and professors] in their official capacities, he is seeking damages from New York, and the Eleventh Amendment therefore shields them to the same extent that it shields SUNY."); Serrano v. New York State Dep't of Envtl. Conservation, 12-CV-1592 MAD/CFH, 2013 WL 6816787, at *14 (N.D.N.Y. Dec. 20, 2013)(dismissing the plaintiff's "[NYSHRL] discrimination and retaliation claims against [the] [d]efendant DEC and in individual [d]efendants sued in their official capacities" based on "Eleventh Amendment immunity").

Nevertheless, the Eleventh Amendment does not prevent this Court from adjudicating claims brought against the individual Defendants in their personal capacities, and thus, the Court proceeds to now analyze the validity of the NYSHRL claims brought against Scully and Gilmore. See Goonewardena v. New York State Workers' Comp. Bd., 09 CIV. 8244 LTS HBP, 2011 WL 4822553, at *4 (S.D.N.Y. Oct. 5, 2011) ("[T]he Eleventh Amendment provides no immunity for state officials sued in their personal capacities.") (quoting Dube v. State Univ. of New York, 900 F.2d 587, 595 (2d Cir. 1990)); Smith v. State Univ. of New York, 1:00-CV1454(FJS/RFT), 2003 WL 1937208, at *7 (N.D.N.Y. Apr. 23, 2003) ("However, the Eleventh Amendment does not bar

[the] [p]laintiff's New York Human Rights Law claims against [the individual defendant] in his individual capacity.").

In this regard, the Court finds that with respect to Scully, the Plaintiff's NYSHRL claims falls outside the three-year statute of limitations period.  See N.Y.C.P.L.R. § 214; see also Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 238 (2d Cir. 2007) ("[C]laims under the NYSHRL . . . are time-barred unless filed within three years of the alleged discriminatory acts[.]"); Gutierrez v. City of New York, 756 F. Supp. 2d 491, 501 (S.D.N.Y. 2010) ("Claims under the New York State Human Rights Law . . . must be filed in court within three years of the alleged discriminatory act or are considered time-barred.").

Here, the Plaintiff commenced this action on October 18, 2013.  Accordingly, any of the Plaintiff's NYSHRL claims against Scully had to concern discriminatory acts occurring after October 18, 2010.  Since all the allegations involving Defendant Scully concern events that occurred between April of 2005 and April of 2009, any claims brought against him by the Plaintiff pursuant to the NYSHRL are untimely and, as a result, all claims against Scully are dismissed.

As to the Defendant Gilmore, he is accused of discriminating against the Plaintiff after October 18, 2010, and thus the Plaintiff's NYSHRL claim against him is timely.  Therefore, he may be held personally liability under the NYSHRL, Mandell, 316 F.3d at 377; Tomka, 66 F.3d at 1317, if he is shown to have an "ownership interest or any power to do more than carry out personnel decisions made by others."  Alexander v. Westbury Union Free School District, 829 F. Supp. 2d 89, 113 (E.D.N.Y. 2011) (quoting Patrowich v. Chemical Bank, 63 N.Y.2d 541, 542 (1984)).  Based on the allegations in the Complaint, as the Plaintiff's supervisor, Gilmore had the power to promote subordinate employees; thus, in the Court's view, he had power "to do more

than carry out personnel decisions made by others." See Alexander, 829 F. Supp. 2d at 114 (finding supervisors were employers because of the power to hire and fire employees).

Furthermore, as indicated above, courts examine discrimination claims brought under the NYSHRL "with the same analytical lens as corresponding Title VII-based claims." Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007); see also Mandell, 316 F.3d at 377 (applying federal standards of proof to discrimination claims under the NYHRL). As such, because the Court has found that the Plaintiff has stated a valid Title VII claim and individual employers can be liable pursuant to NYSHRL, the Defendants' motion to dismiss the NYHRL claims brought against the individual Defendant Gilmore in his personal capacity is denied.

As a final matter, the Defendants suggest that the NYSHRL claims must be dismissed as against the "John Doe" and "Jane Doe" Defendants because the "[P]laintiff fails to offer any factual allegations whatsoever regarding these unnamed individuals. (Def. Reply Mem. at 8.) However, to the extent the Complaint asserts NYSHRL claims against the "John Doe" and "Jane Doe" Defendants in their personal capacity, the Court disagrees.

As discussed above, at the motion to dismiss stage, the Plaintiff need only comply with Fed. R. Civ. P. 8(a)'s "simplified notice pleading standard," because requiring more "would unjustifiedly [sic] impose a heightened pleading requirement on the plaintiff." DePetto v. U.S. Postal Service, 383 F. App'x 102, 103 (2d Cir. 2010) (citing Boykin, 521 F.3d at 212). Here, the Plaintiff's Complaint indicates that the "John Doe" and "Jane Doe" Defendants were DEC officials who were involved in the alleged retaliatory investigation and attempts to discipline the Plaintiff for her online discussion posts, as well as the alleged retaliatory denial of her request for an Alternative Work Schedule. (Compl. at ¶¶ 57, 63.) In this way, the Plaintiff has sufficiently

provided the Defendants with fair notice of the alleged retaliatory actions taken by the "John Doe" and "Jane Doe" Defendants, which would underlie her NYSHRL's claim against them.

Moreover, while the Defendants rely on <u>Melendez v. Nassau County,</u> 10-CV-2516 SJF WDW, 2010 WL 3748743 (E.D.N.Y. Sept. 17, 2010), to support their position, the Court finds that case to be inapposite. In this regard, the <u>Melendez</u> plaintiff named "Jane Doe" as a defendant, but failed to provide any factual basis for her involvement in the allegations raised in the complaint. <u>Id.</u> at *5. In contrast, as recited above, here the Plaintiff's Complaint details the involvement of the "John Doe" and "Jane Doe" Defendants in the claimed retaliation taken against the Plaintiff.

Lastly, "[t]hough it is true that, 'as a general rule, the use of "John Doe" to identify a defendant is not favored,' the Second Circuit has explained that 'courts have rejected the dismissal of suits against unnamed defendants . . . identified only as "John Doe's," until the plaintiff has had some opportunity for discovery to learn the identities of responsible officials.'" <u>Gov't Employees Ins. Co. v. Hollis Med. Care, P.C.,</u> 10 CIV. 4341 ILG RML, 2011 WL 5507426, at *11 (E.D.N.Y. Nov. 9, 2011) (quoting <u>Feliciano v. Cnty. of Suffolk,</u> 419 F. Supp. 2d 302, 313 (E.D.N.Y. 2005); <u>Davis v. Kelly,</u> 160 F.3d 917, 921 (2d Cir. 1998)) (ellipse in original) (collecting additional cases). Thus, the Court finds that the Plaintiff should be afforded the opportunity for discovery to ascertain the identities of the "John Doe" and "Jane Doe" Defendants. As such, she may proceed with her NYSHRL claims against the "John Doe" and "Jane Doe" Defendants in their personal capacities.

### III. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED** that the Plaintiff's Title VII claims against the individual Defendants Gilmore, Scully and the "John Doe" and "Jane Doe" Defendants are dismissed; and it is further

**ORDERED** that the Plaintiff's Title VII claims based on allegations of discriminatory acts committed prior to October 26, 2010 are dismissed, but may be offered for background evidence; and it is further

**ORDERED** that the Plaintiff has stated a valid Title VII claim based on allegations concerning gender discrimination in the Defendant State's failure to promote her in December of 2010 and January of 2011 and the alleged subsequent acts of retaliation; and it is further

**ORDERED** that the Plaintiff's NYSHRL claims against the Defendant State and the Defendant Scully are dismissed; and it is further

**ORDERED** that the Plaintiff's NYSHRL claims against the Defendant Gilmore and the "John Doe" and "Jane Doe" Defendants in their official capacities are dismissed; and it is further

**ORDERED** that the Plaintiff has stated a valid NYSHRL claim against the Defendant Gilmore and the "John Doe" and "Jane Doe" Defendants in their individual capacities; and it is further

**ORDERED** that as all claims brought against him have been dismissed, the Defendant Scully is removed from this action.

**SO ORDERED.**
Dated: Central Islip, New York
August 18, 2014

_____*/s/ Arthur D. Spatt*_____
ARTHUR D. SPATT
United States District Judge